**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|  |  |  |
|---|---|---|
| DEWELL POINDEXTER, | : | |
| | : | Civil Action No. 13-3047 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| J.T. SHARTELL er al., | : | |
| | : | |
| Respondents. | : | |

---

|  |  |  |
|---|---|---|
| DEWELL POINDEXTER, | : | |
| | : | Civil Action No. 13-7167 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| J.T. SHARTELL er al., | : | **OPINION** |
| | : | **APPLIES TO BOTH ACTIONS** |
| Respondents. | : | |

---

These two matters come before the Court upon Petitioner's recent filing of a habeas application submitted pursuant to 28 U.S.C. § 2241; this submission followed Petitioner's prior filing of another § 2241 application. See Poindexter v. Shartel, Civil Action No. 13-3047 (RMB) ("Poindexter-I," filed May 13, 2013), Docket Entry No. 1 ("Petition-I"); Poindexter v. Shartel, Civil Action No. 13-7167 (RMB) ("Poindexter-II," filed Nov. 26, 2013), Docket Entry No. 1 ("Petition-II"). For the reasons detailed below, the Court will dismiss both Petition-I and Petition-II but allow Petitioner one final opportunity to clarify his relevant

facts, if any, that is, if they were omitted from his Petition-II.

As filed, the Petition-I offered this Court just a handful of sentences largely conveying Petitioner's bald conclusions. See Petition-I, at 4-5. Specifically, it stated:

> Bureau of Prisons ("BOP") violated Petitioner's constitutional rights when [the] BOP calculated Petitioner's May 26, 2011[,] sentence with[]out including credit that's been expressly establish[ed] by [a certain, unspecified] Program Statement for the time spent in official detention within [the] meaning of [a certain, unspecified] statute that control[s] calculation. BOP has committed [an] error, as well as abuse of discretion, by acting contrary to law and facts established by [a certain, unspecified] program review, by failing to include Petitioner's credit of nine months and [twenty seven] days against his federal sentence for time spent in official detention prior to the May 26, 2011, and after the commencement of sentence, in which the facts show[] was never credited to Petitioner's state sentence or any other sentence but the federal sentence.

Id. (original capitalization and parallel digital designation of time periods omitted; alternative capitalization, quotation marks and punctuation supplied where discernable).

These allegations did not allow the Court to determine the precise period, i.e., the beginning and end dates, of the credit period Petitioner was seeking. Nor could the Court determine, with any degree of clarity, the legal bases or even the factual events underlying the claims Petitioner raised in Poindexter-I. Thus, the Court dismissed the Petition-I without prejudice, noting that, as drafted, it neither entitled Petitioner to relief

2

nor warranted an order to answer.  See Poindexter-I, Docket Entry

No. 2, at 2.  Detailing to Petitioner the deficiencies of the

Petition-I, the Court pointed out:

> It is unclear to the Court whether Petitioner was in
> the state primary pre-trial custody during the period
> at issue, or whether he was serving a state sentence
> and was paroled into federal custody, or whether he was
> in secondary federal custody under a writ of habeas
> corpus ad prosequendum, or whether he was held in state
> pre-trial detention solely because of a federal
> detainer, or if he sought a nunc pro tunc designation
> of his state facility as the facility where he was
> serving his federal sentence, or if his federal
> sentence was ordered to run concurrent (or
> retroactively concurrent) to a portion or the entirety
> of his state sentence, of if a concurrent run of his
> state and federal sentences so affected his raw
> effective full term calculation to warrant relief, etc.
> In other words, the Court is aware of a panoply of
> circumstances where certain credit might be warranted
> in the event an inmate is subject to state and federal
> convictions; the Court is also aware of a multitude of
> scenarios where no credit would be due, regardless of
> the inmate having state and federal convictions.

Id. at 2, n.1.

Therefore, the Court directed Petitioner to file an amended

pleading in Poindexter-I.  See id. at 4.

In response, Petitioner submitted his Petition-II.

See Poindexter-II, Docket Entry No. 1.  Much like his Petition-I,

the Petition-II asserted that "[Petitioner was] challenging the

BOP for [his] credit time that [he] spent in federal custody."

Id. at 2.  Analogously, the clarification of Petitioner's facts

and legal bases presented a set of self-serving, numerously

paraphrased bald conclusions:

[The] BOP violated Petitioner's constitutional rights
when [the] BOP calculated Petitioner's May 26, 2011
sentence with[]out including credit that [have] been
already establish[ed] by [a certain unspecified]
program review for [the] time spent in official
detention within [the] meaning] of [the] statute that
controlled calculation.  BOP has committed error, as
well as abuse[d its] discretion, by acting contrary to
law and facts established by [a certain unspecified]
program review, by failing to include Petitioner's
credit of nine months and 27 days against his federal
sentence for [the] time spent in official detention
prior to May 26, 2011, and after the commencement of [a
certain] sentence, in which the facts show was never
credited to Petitioner's state sentence, or any other
sentence but the federal sentence.

Id. at 7-8 (parenthetical signs omitted).[1]

However, the Court pieced Petitioner's claims from the

administrative record Petitioner attached to his Petition-II.

See id. at 8-24.  That record indicates that the events relevant

to Petitioner's challenges at bar were as follows:

---

[1]  Included in the Petition-II is a document issued at the
FCI Canaan, Waymart, Pennsylvania; that document is titled
"INMATE SKILL DEVELOPMENT PLAN Current Program Review: 08-22-
2012." Poindexter-II, Docket Entry No. 1, at 10 (capitalization
in original).  In addition to listing Petitioner's anticipated
residence upon release, his primary emergency contact, his still
pending charges on controlled-substance offences to be
adjudicated at the Pennsylvania Court of Common Pleas, Bucks
County, etc., that document also includes a grid section reading,
Time Served/Jail Credit/Inoperative Time: 14 Months 27 Days / 0
Days / Days." Id.  Since Petitioner's BP-11 application dated
May 26, 2011, states that this Program Review "will show that the
total credit of 14 months and 27 days was never ever awarded to
[his] federal sentence," id. at 16, the Court surmises that the
"program review" referred to in the Petition-II and the basis for
Petitioner's instant challenges is that statement in the grid
section of his Inmate Skill Development Plan Program Review.
Petitioner did not explain, and the Court cannot determine on its
own, how and why that statement in a document having no judgment
or administrative finding value could amount to a vested right.

4

On February 27, 2010, Petitioner was arrested on Pennsylvania state charges and, on February 1, 2011, sentenced to a two-year state prison term on the basis of these charges.  See id. at 19.  Since Petitioner had other state and federal charges pending, one of such charges triggered a federal criminal prosecution in the Eastern District of Pennsylvania.  In connection with that federal proceeding, Petitioner was taken into "secondary" federal custody while remaining in primary custody of Pennsylvania.[2]  See id.

On May 26, 2011, Petitioner was sentenced to a thirty-month sentence on his federal charges, which the United States Court for the Eastern District of Pennsylvania directed to run consecutively to the then-yet-to-be-completed Petitioner's state term imposed on February 1, 2011.  On June 7, 2011, after his federal sentence was imposed and his writ habeas corpus ad prosequendum expired, Petitioner was returned to Pennsylvania primary custody to complete serving his then-running Pennsylvania sentence.  See id.

That Pennsylvania sentence expired on February 26, 2012.  Hence, the next day, i.e., on February 27, 2012, Petitioner was

---

[2]  Specifically, on March 29, 2011, Petitioner entered into and temporarily remained in federal "secondary" custody in accordance with a writ habeas corpus ad prosequendum issued by the Eastern District of Pennsylvania for the purposes of Petitioner's federal prosecution.  While he was in federal "secondary" custody, he was still serving his Pennsylvania term.

released into his now-primary federal custody, and his federal

sentence began to run.  See id.  Since the March 29 to June 7,

2011, period (during which Petitioner was held in federal

"secondary" custody under the writ habeas corpus ad prosequendum,

while technically still serving his Pennsylvania sentence) was

credited against that Pennsylvania sentence, this period was not

credited against his federal term.[3]  See id.

Being explained the same by his prison authorities at the

FCI Canaan and then by the BOP Regional Office, see id. at 18-24,

Petitioner nonetheless kept insisting that his federal term had

---

[3]  The administrative findings to that effect were entirely correct.

> [T]he BOP correctly determined that pursuant to §
> 3585(a), [Petitioner's] federal sentence commenced on .
> . . the date he was released to federal custody for
> service of his sentence.  See Rios v. Wiley, 201 F.3d
> 257, 274 (3d Cir. 2000) ("[A] prisoner detained
> pursuant to a writ of habeas corpus ad prosequendum
> remains in the primary custody of the first
> jurisdiction unless and until the first sovereign
> relinquishes jurisdiction over the prisoner").
> Pursuant to § 3585(b), the BOP must give [an inmate]
> credit for any time that he spent in official detention
> . . . that has not been credited against another
> sentence.  That section expressly prohibits awarding a
> prisoner "double credit for his detention time."
> United States v. Wilson, 503 U.S. 329, 337 (1992). . .
> . [Since a]ll of the time that [Petitioner] served in
> custody has been credited toward either his state or
> his federal sentence, and he is not entitled to any
> additional credit.

Myers v. Mariana, 2013 U.S. App. LEXIS 23450, at *3-4 (3d Cir.
Nov. 21, 2013).

to be reduced by either nine-months-and-twenty-four-days or by

fourteen-months-and-twenty-seven-days because his Inmate Skill

Development Plan Program Review included references to those

periods.  See id. at 16.  He, seemingly, asserted the same in

Poindexter-I and is now maintaining the same in Poindexter-II,

even though he appears unable to either designate the beginning

or end dates of these periods or to allege any specific events

associated with these periods.  In other words, his position is

based solely on his self-serving conclusion that a reference in

his Inmate Skill Development Plan Program Review must be

construed as finding of his entitlement to a prison term credit.

Petitioner is wrong.

Since each inmate is presumed potentially eligible to

eventual release, the BOP has developed a reentry program, which

> begins at . . . the time an inmate is incarcerated . .
> . .  The reentry program provides inmates the
> opportunity to prepare themselves to successfully
> reenter the community.  The [program recognizes that
> each] inmate needs to invest in his own plan to reenter
> the community. [The program] provides inmates [with]
> resources [so] to assist them to successfully reenter
> the community. [In connection with that program,] each
> inmate . . . receive [his] Inmate Skills Development
> Plan which provides the inmate an overview of [his/jer]
> deficits and skills. . . .  The Inmate Skills
> Development Plan identifies nine skill areas to assist
> inmates successfully reenter the community. The nine
> skill areas are: academic skills, vocational/career
> skills, interpersonal skills, mental health skills,
> wellness skills, character skills, cognitive skills,
> leisure time skills, and daily living skills.  Inmates
> [are expected to] address their own deficits by

participating in programs, using the Career Resource
Center, and working with their Unit Team.[4]

http://www.bop.gov/locations/institutions/eng/ENG_aohandbook.pdf.

An inmate's "Skills Development Plan" is not an adjudicatory
or quasi-adjudicatory finding triggering any credit. Simply put,
it appears that Petitioner misread his "Skills Development Plan"
and deduced for one of the statements in that plan an impression
that the BOP must have incorrectly calculated his prison term.
Yet, Petitioner's erroneous impression cannot be a basis for the
finding that Petitioner's federal rights were violated.

Since Section 2241 provides, in relevant part, that "[t]he
writ of habeas corpus shall not extend to a prisoner unless . . .
[h]e is in custody in violation of the Constitution or laws or
treaties of the United States," 28 U.S.C. § 2241(c)(3), and
Petitioner's Petition-I and Petition-II suggest nothing but
Petitioner's erroneous reading of his "Skills Development Plan,"
both Petition-I and Petition-II will be dismissed for failure
assert a wrongful action on the part of Respondents.

---

[4] This Court cannot rule out the possibility that
Petitioner's Inmate Skills Development Plan referred to the
period Petitioner spent in Pennsylvania primary custody (either
during the entirety of that period or only the portion that
followed the expiration of his federal writ of habeas corpus ad
prosequendum) as "Inoperative Time," so to make a corresponding
entry indicating that Petitioner's reintegration skills were not
developing during that period under the program made available by
the BOP to those who were incarcerated in federal facilities.
However, at this juncture, the Court need not resolve this issue.

However, out of an abundance of caution, the Court will retain jurisdiction over this matter for ninety days so to enable Petitioner to submit a supplement to his Petition-I clarifying, *with utmost precision*: (a) the beginning and end dates of the exact period for which Petitioner believes he has a credit due; and (b) the specific facts that had taken place during that particular period and gave rise to Petitioner's <u>bona</u> <u>fide</u> belief that a prison term credit was due to him.

An appropriate Order follows.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: <u>December 11, 2013</u>